UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:14-CR-3-GFVT-HAI |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION |
| | ) | |
| ISAAC JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

On referral from District Judge Van Tatenhove (D.E. 43), the Court considers reported violations of supervised release conditions by Defendant Isaac Jackson.

Judge Van Tatenhove entered a judgment against Defendant in November 2014 for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). D.E. 40. Defendant received a sentence of 36 months of imprisonment followed by three years of supervised release. *Id*. at 2-3. Defendant began his supervised release on December 8, 2017. D.E. 46.

**I.**

On August 10, 2018, the United States Probation Office ("USPO") issued the Supervised Release Violation Report ("the Report") that initiated these proceedings. According to the Report, on July 9, 2018, Defendant submitted a urine specimen that tested positive for methamphetamine via instant test. Defendant "denied use," and the specimen was sent to Alere Toxicology for confirmation. Alere reported on July 17 that the specimen was untestable. On July 25, 2018, Defendant submitted another urine specimen. He again "denied the use of any

substances other than his prescribed medication." But the specimen tested positive for methamphetamine.

Based on the use of methamphetamine indicated by the urine test, Violation #1 charges a violation of the condition prohibiting Defendant from using any controlled substance except as prescribed by a physician. This is a Grade C violation.

Based on the same conduct, Violation #2 charges a violation of the condition requiring that Defendant not commit another federal, state, or local crime. Noting the Sixth Circuit's decision that use of a controlled substance includes possession and Defendant's prior drug conviction, the report characterizes Defendant's methamphetamine use as a violation of 21 U.S.C. § 844(a), simple possession of methamphetamine, a Class E felony. This is a Grade B violation.

Judge Wehrman conducted an initial appearance pursuant to Rule 32.1 on August 27, 2018. D.E. 47. The Court set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. *Id*. At the initial appearance, the United States made an oral motion for interim detention; defense counsel did not argue for release. *Id.* The Court found that detention was appropriate in light of the heavy release burden under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). *Id.*

At the final hearing on September 5, 2018, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 50. Defendant competently entered a knowing, voluntary, and intelligent stipulation to both violations. *Id*. Defendant was sworn and told the Court that he had used and possessed methamphetamine. Because Defendant admitted the factual basis for the violations, the government established Violation #1 and Violation #2 under the standard of 18 U.S.C. § 3583(e).

## II.

Revocation in this case is mandatory because Defendant possessed a controlled substance. 18 U.S.C. § 3583(g)(1).

Under § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pleaded guilty to possession of a firearm by a convicted felon. *See* 18 U.S.C. § 922(g)(1). This is a Class C felony. *See* 18 U.S.C § 3559. For a Class C felony, the maximum revocation sentence provided under § 3583 is two years of imprisonment. *See* 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438-39 (6th Cir. 2007). Under § 7B1.1, Defendant's conduct qualifies as a Grade C violation for Violation #1 and a Grade B violation for Violation #2. Given Defendant's Criminal History Category of V (the category at the time of the conviction in this District) and a Grade B violation,[1] Defendant's range, under the Revocation Table of Chapter 7, is 18 to 24 months.

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." 18 U.S.C. § 3583(h). Given the nature of Defendant's convictions, pursuant to 18 U.S.C. §§ 922(g)(1) and 3583(h), Defendant is eligible for 36 months of additional supervised release, minus any term of

---

[1] *See* U.S.S.G § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

3

imprisonment imposed on this revocation. *United States v. Brown*, 639 F.3d 735, 737-38 (6th Cir. 2011).

### III.

At the final hearing, the parties presented a joint recommended sentence of revocation with time served, followed by placement in a lengthy inpatient drug addiction treatment program. Completion of the program and full compliance with its rules would be a condition of Defendant's reinstated post-revocation term of supervised release. According to the parties, defense counsel, along with Defendant's family, have arranged for placement at the Lake Hills Oasis in Somerset—a facility of Addiction Recovery Services.

The recommendation calls for Defendant to remain in custody until a bed becomes available at Lake Hills Oasis. Defense counsel anticipated an opening "relatively soon." The conditions of release would require Defendant to complete both Phase One (a 30-day program) and Phase Two (a 90- to 120-day program) of treatment at Lake Hills Oasis. Failure to complete both phases and to comply with all treatment provider rules would be a violation of Defendant's terms of supervised release. According to the parties, the treatment would be paid for by Defendant's insurance or his family, or both.

According to the government, this disposition is appropriate because Defendant admits he has a problem and has been proactive in finding a program that can help him. This is Defendant's first violation. Although he has a history of meth use (and his meth use was linked to the underlying offense), his use is not a "longstanding problem." Success at treatment is therefore a realistic possibility. The government argued that the recommendation provided the "best opportunity" for Defendant to successfully complete his period of supervision and return to society. Defense counsel agreed with the government's position and stated that Defendant's

4

recent drug use was a "relapse." Defendant addressed the Court and stated, "I know I need help."

## IV.

Adoption of the jointly recommended disposition of revocation with time served, followed by inpatient drug treatment as a condition of supervised release, is recommended. A new supervised release term of 35 months is also recommended.

To determine an appropriate sentence, the Court has evaluated the entire record, including the Report and accompanying documents and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all the § 3553 factors imported into the § 3583(e) analysis.

The first factor concerns the nature and circumstances of Defendant's underlying conviction. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). According to the PSR, Defendant was arrested in July and August of 2013 and charged in state court with, among other things, manufacturing and trafficking methamphetamine. PSR ¶¶ 1-2. While being interviewed, he admitted killing a deer with a rifle and admitted possessing a .22 caliber handgun, which he "pulled" on someone in 2013 who was "making advances toward Jackson's girlfriend." *Id.* ¶ 8. In March 2014, he was transferred to federal custody to face the felon-in possession charge. *Id.* ¶ 3. Defendant has a history of dangerous criminal conduct associated with methamphetamine, including the underlying conviction. Another aspect of Defendant's conviction is that his 36-month sentence constituted an upward variance from his Guidelines Range of 27 to 33 months. *See id.* ¶ 76.

Concerning his history and characteristics, Defendant was assigned Criminal History Category V, a circumstance which factors into his Guidelines range. As the parties pointed out, Defendant's past meth use was not particularly heavy, so he was not aware of the extent of his addiction until after he was released from prison. According to his PSR, Defendant "recalled using methamphetamine from approximately 2012 through 2013" and stated he used it "on the weekends." PSR ¶ 65. Defendant "stated he has probably tried or used every drug but indicated he has not used many drugs in the past ten or twelve years." *Id*. ¶ 66. He told the USPO that he received substance abuse treatment from Crossroads in 2000, but no further details are provided. *Id*. ¶ 67. Aside from his meth use, Defendant appears to have done well on supervision and has been employed.

The Court must also consider the need to deter criminal conduct and protect the public. As the parties argued, inpatient treatment could deter future criminal to the extent that Defendant's criminal behavior has been tied to his drug use. Further, the public will be protected during Defendant's inpatient treatment to the same extent it would be if he were incarcerated.

Another sentencing factor concerns the need for further education and treatment. As the parties argued, this factor weighs heavily in this case, as they believe further treatment could deter future criminal conduct.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b). Here, this is Defendant's first violation, and it was driven by drug addiction. Methamphetamine use is a serious breach of the Court's trust, but the Court has seen much worse.

The remaining factor is the need to avoid unwarranted sentencing disparities. This factor is usually addressed by imposing a within-Guidelines sentence. Any deviation from the Guidelines must be supported by a specific reason that justifies the extent of the departure. *United States v. Johnson*, 640 F.3d 195, 205 (6th Cir. 2011). Here, the specific reason is the parties' realistic hope that inpatient treatment as a substitute for incarceration will do a better job of protecting the public and deterring future criminal conduct. Further, up to 150 weeks of intensive inpatient treatment in many respects resembles incarceration. Defendant's freedom will be inhibited during this time. Additionally, the significant period of supervised release following the treatment program will address many of the concerns embedded within the sentencing factors. Finally, the joint recommended sentence is consistent with the policy expressed in the statutory exception to mandatory revocation under 18 U.S.C. § 3583(g).[2]

Concerning the length of the term of post-revocation supervised release, the Court may impose up to 36 months, but must subtract any period of incarceration imposed upon revocation. 18 U.S.C. §§ 3583(b) & (h). Defendant was arrested on August 23, 2018 (D.E. 34), and it is not clear when he will be released on "time served" because his release is contingent upon bed availability at the treatment program. Based on defense counsel's representation that a bed will be available soon, it appears that a 35-month period would suffice to account for the sentence of time served.

## VII.

Based on the foregoing, the Court **RECOMMENDS THAT:**

---

[2] As subsection (d) of § 3583 states,

> The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test.

18 U.S.C § 3583(d).

7

(1) Defendant be found guilty of Violations #1 and #2.

(2) Defendant's release be revoked, with a term of imprisonment of time served.

(3) Reimposition of 35 months of supervised release under the same conditions previously imposed (D.E. 40), along with the added condition that Defendant complete both Phase One and Phase Two of the inpatient treatment program at Lake Hills Oasis, as described by the parties. Defendant further must strictly comply with all program requirements.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), **within fourteen days** after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 153-54 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 7th day of September, 2018.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**