UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal No. 6:14-CR-00003-GFVT-HAI |
| V. | ) ) | |
| ISAAC JACKSON, | ) ) | **ORDER** |
| Defendant. | ) ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Candace J. Smith. [R. 51.] Defendant Isaac Jackson has been charged with two violations related to his use of methamphetamine. *Id*. at 2.

On November 13, 2014, this Court sentenced Mr. Jackson to thirty-six months imprisonment for being a felon in possession of a firearm. [R. 40.] He began his three-year term of supervised release on December 8, 2017. [R. 44-2.]

According to the Supervised Release Violation Report (the Report) issued by the United States Probation Office (USPO) on August 10, 2018, Mr. Jackson submitted a urine sample on July 25, 2018, that ultimately tested positive for methamphetamine. [R. 44-2 at 2.] The Report charges Mr. Jackson with Violation #1, a Grade C Violation, for violating Standard Condition Number 7, which prohibits him from excessive use of alcohol and illegal use of controlled substances. *Id*. Because a positive indication of the use of methamphetamine constitutes possession of methamphetamine in violation of 21 U.S.C. § 844(a), a Class E Felony, the Report also charges Mr. Jackson with Violation #2, a Grade B Violation, for committing another federal,

state, or local crime. *Id*. at 2–3.

Upon his initial appearance before Magistrate Judge J. Gregory Wehrman on August 27, 2018, Mr. Jackson entered a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. [R. 47.] The United States moved for interim detention and Mr. Jackson did not argue for release. *Id*. Judge Wehrman determined that Mr. Jackson did not meet the heavy defense burden under 18 U.S.C. § 3143(a) to justify release, and he remanded Mr. Jackson to the custody of the United States Marshal. *Id*. On September 5, 2018, Magistrate Judge Candace J. Smith held a final revocation hearing where Mr. Jackson competently entered a knowing, voluntary, and intelligent stipulation to Violations #1 and #2. [R. 50.] Judge Smith then prepared a Report and Recommendation. [R. 51.]

As an initial matter, Judge Smith noted that revocation is mandatory because Mr. Jackson was in possession of a controlled substance. 18 U.S.C. § 3583(g)(1). With Mr. Jackson's criminal history category of V and a Grade B violation,[1] Judge Smith calculated his Guidelines Range to be eighteen to twenty-four months. [R. 51 at 3.] At the final hearing, the Government and Mr. Jackson jointly proposed the Court sentence Mr. Jackson to time served followed by placement in an inpatient drug addiction treatment program. *Id*. at 4. Counsel for Mr. Jackson has already arranged for his placement at Lake Hills Oasis, an addiction recovery facility, and the recommendation by the parties would require Mr. Jackson to remain in custody until space opens at Lake Hills Oasis. *Id*. Mr. Jackson's conditions of release would then require him to complete both Phase One (a thirty-day program) and Phase Two (at least a ninety-day program) of treatment at Lake Hills Oasis. *Id*. Mr. Jackson and his family intends to pay for treatment.

---

[1] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

The Government believes this arrangement is appropriate because Mr. Jackson has been proactive in finding treatment for his substance abuse, and success at the facility is likely for him. *Id*. Further, the Government believes treatment affords him the best opportunity of compliance with his supervised release. *Id*. Counsel for Mr. Jackson agreed, stating this recent violation was a relapse for him and he recognizes he needs help. *Id*. at 4–5.

After consideration of the nature and circumstances of Mr. Jackson's conviction, as well as his history and characteristics, Judge Smith determined revocation mandatory. *Id*. at 3. Judge Smith noted Mr. Jackson's willingness to get treatment and found the recommendation from the parties to be appropriate. *Id*. at 5–7. Ultimately, Judge Smith recommended a term of imprisonment of time served, followed by thirty-five months of supervised release, with the added condition he complete Phase One and Phase Two of treatment at Lake Hills Oasis. *Id*. at 8.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Smith's Report and Recommendation were filed within the appropriate time by either party. Instead, Mr. Jackson has filed a waiver of allocution and indicated no objection to the Recommendation. [R. 52.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and

recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Smith's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 51**] as to Defendant Isaac Jackson, is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Jackson is found **GUILTY** of Violations #1 and #2;

3. Mr. Jackson's Supervised Release is **REVOKED;**

4. Mr. Jackson is hereby sentenced to a term of incarceration of **time served**;

5. Upon completion of the term of incarceration, Mr. Jackson is hereby sentenced to a term of supervised release of **thirty-five months** under the conditions previously imposed, plus the additional condition that he must complete both Phase One and Phase Two of the inpatient treatment program at Lake Hills Oasis, as described by the parties; and

6. Judgment shall enter promptly.

This the 18th day of September, 2018.

Gregory F. Van Tatenhove
United States District Judge