UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 6:14-CR-00003-GFVT-HAI |
| | ) | |
| V. | ) | |
| | ) | |
| ISAAC JACKSON, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram.  [R. 63.]  Defendant Isaac Jackson has been charged with five violations of his terms of supervised release.  *Id.*

In November 2014, this Court sentenced Mr. Jackson to thirty-six months of incarceration followed by three years of supervised release for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  [R. 606.]  Mr. Jackson began his first term of supervised release on December 8, 2017.  Mr. Jackson's supervised release was revoked in September 2018 due to his unlawful use of controlled substances, specifically methamphetamine.  [R. 51.]  He was sentenced to time served, followed by thirty-five months of supervised release with the added condition that he complete an inpatient treatment program.  *Id.*  Mr. Jackson began his second term of supervised release on September 18, 2018.  His conditions of supervision were altered to allow him to complete outpatient instead of inpatient treatment, which he accomplished on April 26, 2019.

On October 24, 2019, the United States Probation Office (USPO) issued the instant

Supervised Release Violation Report (the Report). The Report alleges five violations. According to the Report, the probation officer encountered Mr. Jackson at a gas station, where the probation officer witnessed Mr. Jackson pull a baggie with a white powder substance from his pocket. The officer told Mr. Jackson to stop and to approach him, but Mr. Jackson ignored the officer, handed an unknown male the white baggie, and the two drove away together. Sometime later, Mr. Jackson was arrested by an officer of the Williamsburg Police Department and charged with First Degree Trafficking in a Controlled Substance in violation of K.R.S. § 218A.1412, which is a Class C Felony. Mr. Jackson refused to be arrested and would not place his hands behind his back, and was therefore also charged with a violation of K.R.S. § 520.090, Resisting Arrest, a Class A Misdemeanor. The Report also states that Mr. Jackson admitted to using oxycodone he had obtained from his mother. The USPO issued an Addendum to the violation report on January 27, 2020 to inform the Court that the state intends to present the charge of Trafficking in a Controlled Substance — 1st degree to the Whitley Count Grand Jury.

Based on the foregoing conduct, the Report charges Mr. Jackson with five violations of his supervised release. Violation #1 charges of a violation of the condition that prohibits unlawful possession of a controlled substance, based on Mr. Jackson's admission to the use of oxycodone. This is a Grade C violation. Violation #2 charges a violation of the condition requiring that Mr. Jackson not commit another federal, state or local crime. The Sixth Circuit has held that the use of a controlled substance includes possession. The Report characterizes Mr. Jackson's use of oxycodone as a violation of 21 U.S.C. § 844(a), simple possession of oxycodone, a Class E felony. This is a Grade B violation. Violation #3 charges a violation of the condition requiring Mr. Jackson to follow the instructions of the probation officer. Mr. Jackson violated this condition by failing to respond to the probation officer when they met one

another at the gas station. This is a Grade C violation. Violation #5 charges a violation of the condition that Mr. Jackson not commit another federal, state, or local crime. Mr. Jackson violated this condition when he was charged with a violation of § K.R.S. 520.090, Resisting Arrest. This is a Class A misdemeanor, and a Grade C violation.

Finally, Violation #4 is based on Mr. Jackson's state arrest under K.R.S. §218A.1412, first-degree drug trafficking, and charges a violation of the condition that Mr. Jackson not commit another federal, state, or local crime. At the final hearing, Mr. Jackson essentially stipulated to the lesser-included offense of first-degree possession. Mr. Jackson faces a state prosecution on this charge, so he understandably refused to stipulate that he had an intent to traffic. For reasons that Judge Ingram explains more fully in the Recommended Disposition, this is a Class D felony and a Grade B violation. [*See* R. 63 at 5–6.]

On January 27, 2020, Mr. Jackson appeared before Magistrate Judge Hanly A. Ingram for his initial appearance pursuant to Rule 32.1 [R. 61.] During the hearing, Mr. Jackson made a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. *Id.* At that time, the United States made an oral motion for detention, and Mr. Jackson did not argue for release. *Id.* The Court found that detention was appropriate, and he was remanded to the custody of the United States Marshal.

The Court scheduled a final revocation hearing for February 7, 2020. At his final revocation hearing, Mr. Jackson knowingly, voluntarily, and intelligently stipulated to all five violations, including the lesser violation as to Violation #4. Subsequently, Judge Ingram prepared a recommended disposition. [R. 63.]

Mr. Jackson's admitted conduct is a Grade B[1] violation.  Under the Revocation Table of Chapter 7, Mr. Jackson's guideline range is eighteen to twenty-four months.  At the final hearing, the parties presented a joint recommended sentence of revocation with twenty-four months incarceration, with no additional supervised release to follow. The Government argued that a top of the guidelines sentence was appropriate because the breach of trust was severe.  This is the second time Mr. Jackson has been revoked for drug use and possession; the first time, he received a very lenient sentence.  Nevertheless, he has continued to use and possess drugs.  The Government further argued that Mr. Jackson is "right back where he started," because Mr. Jackson has a state court charge for roughly the same conduct giving rise to the violations. According to Mr. Jackson's PSR, he was arrested and charged in state court for trafficking and methamphetamine when he was stopped while driving an ATV on a highway, was found to have methamphetamine, and fled from law enforcement.  This and the leniency he received in the past, the Government argued, warranted a top of the guidelines sentence.

The defense did not contest the Government's arguments, but requested that Mr. Jackson (1) be assigned to FMC Lexington on account of his COPD, and (2) that the Court order the Bureau of Prisons to credit Mr. Jackson for the time he served in state custody.  Mr. Jackson argues that the time between October 29, 2019 and January 23, 2020 should be credited towards any period of incarceration imposed as a result of this revocation, because although he posted bond on the state offense on October 29, 2019, he was not released nor given into the custody of the U.S. Marshals on the detainer in this case.  Thus, Mr. Jackson was concerned "in light of this unusual posture, that his time from October 29 through January 23 would not be credited

---

[1] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

anywhere." [R. 63 at 10.] However, defense counsel admitted that Mr. Jackson would have a good argument in state court for that time to be counted in any future state sentence. Ultimately, Judge Ingram found, in light of Mr. Jackson's serious criminal history, "no compelling reason to alter the normal mechanics of sentence calculation." *Id.*

Taking the parties' positions under advisement, Judge Ingram considered the relevant §§ 3553 and 3583 factors in order to determine an appropriate revocation term of imprisonment. *Id.* As an initial matter, Judge Ingram noted that revocation was mandatory in this case, because Mr. Jackson was in possession of a controlled substance.

Next, Judge Ingram noted that Mr. Jackson has a history of dangerous criminal conduct associated with methamphetamine. Although Mr. Jackson has been revoked before and completed an outpatient treatment, neither has ultimately resulted in Mr. Jackson getting off drugs permanently. Judge Ingram also found a strong need to deter criminal conduct and protect the public. Mr. Jackson has not been successful on supervision, and apparently habitually resists law enforcement. Finally, Judge Ingram found no further supervision, education, or treatment opportunities were warranted, as they had not been successful in the past. Ultimately, he recommended revocation with a term of imprisonment of twenty-four months, and no period of supervision to follow.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time by either party. Instead, Mr. Jackson has filed a waiver of allocution. [R. 65.]

Generally, this Court must make a *de novo* determination of those portions of the Report

and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1.      The Report and Recommendation [**R. 63**] as to Defendant Isaac Jackson is **ADOPTED** as and for the Opinion of the Court;

2.      Mr. Jackson is found **GUILTY** of all five Violations;

3.      Mr. Jackson's Supervised Release is **REVOKED;**

4.      Mr. Jackson is hereby **SENTENCED** to a term of incarceration of twenty-four (24) months, with no period of supervised release to follow;

5.      Allocution in this matter, currently set for March 17, 2020, is **CANCELLED**;

6.      Mr. Jackson's Motion for Credit for Time Served **[R. 66]** is **DENIED**; however, the court will **RECOMMEND** placement at FMC Lexington; and

7.      Judgment shall enter promptly.

This the 11th day of March, 2020.

Gregory F. Van Tatenhove
United States District Judge